**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7535**

UNITED STATES OF AMERICA

Plaintiff - Appellee,

v.

ERSCELL JULIUS WORLDS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:14-cr-00141-AWA-LRL-1)

Submitted:  May 22, 2024                          Decided:  July 16, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Erscell Julius Worlds, Appellant Pro Se. Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erscell Julius Worlds appeals from the denial of his motion for compassionate release. On appeal, Worlds asserts that the district court abused its discretion in concluding that changes in sentencing law could not constitute an extraordinary and compelling reason for release. We agree and thus vacate and remand for further proceedings.

After the district court's ruling, we decided *United States v. Davis*, 99 F.4th 647, 656 (4th Cir. 2024), which held that a change in sentencing law can constitute an extraordinary and compelling reason for compassionate release. This case is very similar to *Davis*. In both, the defendants were sentenced as career offenders but, thanks to a change in sentencing law, would not be considered career offenders if sentenced today. In both, the defendants sought compassionate release on the basis of this sentencing disparity. And the district court in *Davis*, like the district court here, found that this request amounted to an improper collateral attack and that relief, in any, needed to be sought through 28 U.S.C. § 2255. *Davis*, 99 F.4th at 656.

On appeal in *Davis*, we vacated the district court's order and remanded for further consideration. Davis's claim, we held, was not an improper collateral attack, because Davis was not challenging the validity of his sentence. Instead, Davis was seeking compassionate release based on the sentencing disparity between his actual sentence and the sentence he would receive if resentenced today. *Id.* at 657. Because such a disparity, based on a change in sentencing law, may be grounds for compassionate release, we ruled, the district court abused its discretion in failing to consider the argument. *Id.* at 658.

2

*Davis* requires the same result here.  Accordingly, we vacate the district court's order and remand for consideration of whether the changes in sentencing law at issue constitute an extraordinary and compelling reason for release in Worlds' case.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*